### No. 9121.

#### LEONORA A. MARCH, TUTRIX, vs. LUDLOW McNEELY ET AL.

Where the original petition is for an unappealable sum, and an amended petition is filed for the sole purpose of inflating the demand so that our jurisdiction may embrace it, the appeal will be dismissed. It is not more permissible to endeavor to compel jurisdiction by averments of fictitious values than by averments of fictitious claims.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Barbin, J.*

*H. D. Daigre, W. L. Richardson* and *R. P. Hunter* for Plaintiff and Appellant.

*J. C. Wickliffe* for Defendants and Appellees.

#### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. The plaintiff sues to recover property alleged to be worth five hundred dollars—to recover the rents of it, alleged to be worth twenty-five dollars a month, and two hundred dollars as attorney's fees. The prayer is that she have judgment decreeing her to be the owner of the property—for rents at the above rate from April 1, 1883, and for the attorney's fees.

The rents accruing up to the trial below (the judgment was signed November 28, 1883,) would be a fraction less than two hundred dollars,

and the three items together do not quite aggregate nine hundred dollars, even if attorney's fees were claimable. Obviously they form no part of the plaintiff's legitimate demand.

After answer had been filed and the case had been fixed for trial, an amended petition was presented, to which the defendant objected on the ground that it changed the substance of the demand, which the court overruled, and the amendment was filed, the defendant reserving a bill thereto.

The sole allegation of the amended petition is that the property is worth twelve hundred dollars, and the plaintiff's brief with commendable candor informs us the sole purpose in filing it was to make certain the jurisdiction of this Court.

The general rule determining jurisdiction is that it is tested by the sum claimed, but fictitious claims are not permitted to be tacked on or added to the real claim for the mere purpose of inflating the amount so as to attain jurisdiction. Copley vs. Ross, 1 A. 310; Hagenberger vs. Wild, 9 A. 3, Pritchard vs. Parker, 21 A. 745. There is no separate claim made here independent of the main demand, but the main demand itself is increased for the sole purpose that our jurisdiction may embrace it. This is an attempt to accomplish the same end by different means—travelling to the same goal by different roads. It is not more permissible to endeavor to compel jurisdiction by averments of fictitious values than by averments of fictitious claims.

If we turn to the evidence, the preponderance will not swell the value of the property up to our jurisdiction.

The appeal is dismissed.